UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

SHIRLEY BROTHERS,

                                    Plaintiff,

                    -v-

SCHINDLER ELEVATOR CORPORATION,
ABC COMPANIES 1-10 said names being
fictitious and JOHN DOES 1-10 said names
being fictitious,

                                    Defendants.

----------------------------------------------------------------

25-cv-1624 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Shirley Brothers originally brought this personal injury suit in New York state court, but defendant Schindler Elevator Corporation removed the action to this Court. Schindler has now moved to dismiss the complaint, contending primarily that the Court lacks personal jurisdiction over it. Brothers has opposed Schindler's motion to dismiss the complaint and cross-moved to remand the action to New York state court, contending that this Court lacks diversity jurisdiction because less than $75,000 is at issue.

The Court finds that it has subject matter jurisdiction over this action because Schindler has demonstrated a reasonable probability that the amount in controversy exceeds $75,000. Brothers's motion for a remand is accordingly denied. The Court further finds, however, that it lacks personal jurisdiction over Schindler with respect to Brothers's suit arising out of injuries she allegedly suffered in New Jersey. The Court therefore grants Schindler's motion to dismiss the complaint.

I.   BACKGROUND

Brothers alleges she fell and was injured on an escalator at a casino in Atlantic City, New Jersey, on February 4, 2023. (Dkt. No. 5-1 ("Compl.") ¶¶ 5–9.) According to Brothers, Schindler was responsible for maintaining and repairing the escalator, and Schindler's negligent failure to maintain and repair the escalator caused her injuries. (*Id.*) Brothers brought this lawsuit in New York Supreme Court, New York County on February 3, 2025, alleging "damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts." (*Id.* ¶ 9.)

Schindler removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on March 5, 2025, contending that the requirements of federal diversity jurisdiction

are satisfied because complete diversity of citizenship exists between the parties[1] and more than $75,000 is at issue.  (Dkt. No. 5.)  On March 7, 2025, Schindler moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6) on the bases that the Court lacks personal jurisdiction over Schindler, that venue in this District is improper, and that this action is duplicative of an action previously filed by Brothers in the U.S. District Court for the District of New Jersey.  (Dkt. No. 7-1 ("MTD Br.").)

Brothers opposed Schindler's motion to dismiss the complaint, contending that the Court has personal jurisdiction over Schindler without addressing the propriety of venue in this District or whether this action is duplicative of Brothers's action in the District of New Jersey.  (Dkt. No. 8 ("MTD Opp.").)  Simultaneously, Brothers moved to remand the case to New York state court because less than $75,000 is at stake and this Court therefore lacks subject matter jurisdiction over the action on the basis of federal diversity.  (Dkt. No. 9 ("Remand Mot.").)

## II.  MOTION TO REMAND

Federal district courts are duty-bound to ensure they have subject matter jurisdiction before considering the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) ("[B]efore deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction.").  When analysis of subject matter jurisdiction "involve[s] no arduous inquiry[,] . . . both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first," prior to analyzing personal jurisdiction.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999).  The Court therefore begins its analysis with Brothers's contention that this action should be remanded because the Court lacks subject matter jurisdiction.

Federal courts have subject matter jurisdiction on the basis of the federal diversity statute, 28 U.S.C. § 1332, over "all civil actions 'between citizens . . . of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)).  The U.S. Supreme Court has long "read

---

[1] Brothers is a citizen of New York and Schindler—a Delaware corporation with its headquarters in New Jersey—is a citizen of both Delaware and New Jersey.  (*See* Dkt. No. 5 ¶¶ 13–15.)

the statutory formulation 'between . . . citizens of different States' to require complete diversity [of citizenship] between all plaintiffs and all defendants." *Id.* (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal jurisdiction must, as a general matter, be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Schindler, as the party seeking to remove the action and asserting federal jurisdiction, bears the burden of establishing that this Court has subject matter jurisdiction and removal was proper. *Hudson Priv. LP v. Creative Wealth Media Fin. Corp.*, 629 F. Supp. 3d 237, 239–40 (S.D.N.Y. 2022).

Here, the parties are citizens of different states and the only dispute concerns whether the $75,000 amount-in-controversy requirement is satisfied. To establish that the amount-in-controversy requirement is satisfied, Schindler "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997) (quoting *United Food & Com. Workers Union, Loc. 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994)).

Brothers's complaint is inconclusive as to the amount in controversy because she alleges only that she has suffered damages "in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts." (Compl. ¶ 9.) *See Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008). Because Brothers's complaint is inconclusive as to the amount in controversy, the Court may look to documents outside the pleadings to determine the amount in controversy. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010); *United Food*, 30 F.3d at 305.

The Court can easily determine that the amount in controversy exceeds $75,000 because Brothers herself has stated that to be the case in a filing in federal court. Although Brothers now asserts that her damages are "not worth more than $75,000" in an attempt to avoid this Court's jurisdiction (*see* Remand Mot. ¶ 5), Brothers previously alleged in a complaint filed in the U.S. District Court for the District of New Jersey against the casino which owned the escalator at issue in this action that her damages from the February 4, 2023 escalator accident "exceed the sum or value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a) and Fed. Rules of

Civil Procedure 8(a) (1)."  (*See* Dkt. No. 11-2 ¶ 10.)[2]  Brothers cannot have it both ways; in addition, she cannot deprive the Court of jurisdiction that it properly possesses.  *Luo*, 625 F.3d at 776.  The Court finds that Brothers's prior valuation of her injuries from the February 4, 2023 escalator accident—which is the basis of both the District of New Jersey action and this action—at more than $75,000 establishes at least a "reasonable probability" that the amount in controversy in this case exceeds $75,000, especially in light of the general presumption that a plaintiff's good-faith damages demand establishes the amount in controversy.  *See* 28 U.S.C. § 1446(c).

Brothers's attempt to harmonize her invocation of diversity jurisdiction in the District of New Jersey action with her attempt to evade such jurisdiction here is unavailing.  Brothers notes that, unlike her District of New Jersey action against the casino itself, her action against Schindler "is not based upon a duty of a property owner to its invited guests, but limited to its negligence in performing its duties to maintain the escalators at the casino."  (Remand Mot. ¶ 5.)  This distinction, though accurate, does not assist Brothers.  In both cases, she seeks to recover damages for the same injury, irrespective of whether she proceeds on a standard negligence theory of liability or on a theory that is specific to a property owner's duty to an invitee.

Nor does Brothers's statement that "[t]he case against the defendant . . . is stipulated [by Brothers to be] not worth more than $75,000.00" suffice to deprive the Court of jurisdiction. (Remand Mot. ¶ 5.)  The Second Circuit has made "clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied."  *Luo*, 625 F.3d at 776.  Here, Schindler's notice of removal established that the amount-in-controversy requirement was satisfied, and Brothers cannot avoid such removal with her later bare assertion that her damages fall below $75,000 in light of her earlier submission in the District of New Jersey that the damages for the same occurrence were in excess of $75,000.

The Court therefore has subject matter jurisdiction over this action and proceeds to analyze Schindler's motion to dismiss the complaint.

### III.  MOTION TO DISMISS THE COMPLAINT

Schindler moves to dismiss the complaint on three bases:  (1) the Court lacks general or specific personal jurisdiction over Schindler pursuant to New York's

---

[2] The Court notes that Brothers's action in the District of New Jersey was settled in September 2025 and subsequently terminated.  *See Brothers v. Boardwalk Regency, LLC*, No. 24-cv-5428, Dkt. No. 26 (D.N.J. Sep. 19, 2025).

jurisdictional statutes; (2) venue in the Southern District of New York is improper; and (3) this action is duplicative of Brothers's previously filed action in the District of New Jersey.  (MTD Br. at 5–19.)  Schindler's motion is granted because the Court finds it lacks personal jurisdiction over Schindler; the Court thus need not consider Schindler's second and third bases for dismissal.

### A.  Applicable Law

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *Bank Brussels Lambers v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

A court may have personal jurisdiction over a defendant either as a matter of "general" or "all-purpose" jurisdiction or as a matter of "specific" or "conduct-linked" jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).  "General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."  *Id.*

When there is no dispute that a defendant was properly served, a court conducts a two-part inquiry to determine whether the exercise of personal jurisdiction over a defendant is proper:  the court must first locate a statutory basis for the exercise of personal jurisdiction and, if it locates a statutory basis, the court must then determine whether its exercise of personal jurisdiction comports with constitutional due process principles.  *See NLRB v. Universal Smart Conts., LLC*, 166 F.4th 304, 314 (2d Cir. 2026); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *Dow Jones & Co. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 319 (S.D.N.Y. 2025).  A federal district court applies the law of the forum state—here, New York—to determine whether personal jurisdiction lies as a matter of statute.  *See U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*, 916 F.3d 143, 149 (2d Cir. 2019); *Lockheed Martin Corp.*, 814 F.3d at 624.

### B.  General Personal Jurisdiction

Schindler is not subject to general jurisdiction in New York.  New York's general jurisdiction statute, N.Y. C.P.L.R. § 301, "preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction."  *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798–99 (S.D.N.Y. 2015) (internal quotation marks and citation omitted), *aff'd*, 660 F. App'x 43 (2d Cir. 2016).  The U.S. Supreme Court has clarified that "[a] court

may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Schindler is incorporated in Delaware and maintains its principal place of business in New Jersey; it thus is not "essentially at home" in New York and is not subject to New York's general jurisdiction. *See Lockheed Martin Corp.*, 814 F.3d at 627 ("*Daimler* [*AG v. Bauman*, 571 U.S. 117 (2014),] established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business."). Indeed, Brothers does not even contend that Schindler is subject to general jurisdiction in New York, instead urging only that Brothers is subject to specific jurisdiction in New York with respect to her claims here. (MTD Opp. ¶¶ 4–13.)

### C. Specific Personal Jurisdiction

However, Schindler is not subject to specific jurisdiction in New York with respect to Brothers's claims.

New York's specific jurisdiction statute, N.Y. C.P.L.R. § 302(a), permits courts to exercise personal jurisdiction over a non-domiciliary defendant such as Schindler with respect to "a cause of action arising from" any of four types of contact with New York:

> (1) "transact[ing] any business within the state or contract[ing] anywhere to supply goods or services in the state";

> (2) "commit[ting] a tortious act within the state," except defamation of character;

> (3) "commit[ting] a tortious act without the state causing injury to person or property within the state," except defamation of character, if the tortfeasor either

>> (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York" or

>> (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"; or

> (4) "own[ing], us[ing] or possess[ing] any real property within the state."

N.Y. C.P.L.R. § 302(a)(1)–(4). Brothers contends that Schindler is subject to specific personal jurisdiction with respect to this action pursuant only to N.Y. C.P.L.R. § 302(a)(1). (*See* MTD Opp. ¶¶ 4–13.)

N.Y. C.P.L.R. § 302(a)(1) does not provide personal jurisdiction over Schindler because Brothers fails to identify any business by Schindler in New York connected to Brothers's claims in this case that she was injured on an escalator maintained by Schindler in a casino in New Jersey on February 4, 2023.  "To establish personal jurisdiction under section 302(a)(1), two requirements must be met:  (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity."  *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)).  "New York courts have held that a claim 'aris[es] from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon' or when 'there is a substantial relationship between the transaction and the claim asserted.'"  *Id.* (first quoting *McGowan*, 52 N.Y.2d at 272, then quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)).

Brothers has articulated absolutely no nexus or relationship of any kind between Schindler's business in New York and her claims based on an injury she allegedly sustained on an escalator at an Atlantic City casino.  (*See* Compl. ¶ 2 (alleging only that Schindler "is a foreign business corporation authorized to do business in the County of New York and State of New York"); MTD Opp. ¶ 14 (stating only that "the defendant maintains [an] office in New York County and in the Southern District of New York and receives substantial income [from] those activities and those same activities are the same activities that plaintiff alleges caused the plaintiff's injury").)  N.Y. C.P.L.R. § 302(a)(1) therefore does not provide the Court with personal jurisdiction over Schindler in this litigation.[3]

---

[3] Although Brothers does not contend that N.Y. C.P.L.R. § 302(a)(3) applies, the Court notes that this provision also does not provide personal jurisdiction over Schindler.  As set forth above, N.Y. C.P.L.R. § 302(a)(3) provides personal jurisdiction over a tortfeasor who causes injury to a person or property in New York.  "Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (cleaned up).  "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff."  *Id.* (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)).  Here, Brothers's claims plainly arise out of an injury she allegedly suffered in Atlantic City, New Jersey, so N.Y. C.P.L.R. § 302(a)(3) does not provide personal jurisdiction over Schindler with respect to those claims.

## IV. CONCLUSION

Though the Court has subject matter jurisdiction over this action, it lacks personal jurisdiction over Schindler with respect to Brothers's suit arising out of the injury she allegedly suffered on an escalator maintained by Schindler in a New Jersey casino. Accordingly, the Court denies Brothers's motion to remand the action to New York state court and grants Schindler's motion to dismiss the complaint without prejudice.

Dated: New York, New York
       March 17, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.